11 F.3d 1072
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Stanley L. HARDEMAN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 933367.
 United States Court of Appeals, Federal Circuit.
 Nov. 4, 1993.
 
 Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Stanley L. Hardeman petitions for review of the final decision of the Merit Systems Protection Board, Docket No. AT075380-I-1, dismissing for untimeliness his appeal of the decision by the Department of Navy (agency) to remove him from his position as Tractor Operator, WG-05, at the Naval Aviation Depot in Jacksonville, Florida. Because the Board did not abuse its discretion in determining that Hardeman failed to show good cause for his delay in filing, we affirm.
 
 DISCUSSION
 
 2
 Effective November 21, 1990, the agency removed Hardeman because he was physically unable to perform the duties of his position due to a knee injury. Hardeman was advised that any appeal of the agency's action to the Board must be filed no later than twenty calendar days from the effective date of the removal. See 5 C.F.R. Sec. 1201.22(b) (1993). On March 20, 1993, over two years after the filing deadline, Hardeman filed an appeal to the Board. Hardeman was ordered to provide evidence and argument showing that good cause existed for his delay in filing the appeal. See 5 C.F.R. Sec. 1201.22(c).
 
 
 3
 Hardeman responded to the Board, and argues here, that the late filing was caused by difficulties encountered after he lost his job, such as the loss of his home, moving his family into his mother's home, financial difficulties, collecting unemployment compensation, a back injury, arthritis, imprisonment due to non-payment of child support, and stress. Because of these circumstances, Hardeman explained that he "had no time to think of anything but trying to survive." The Administrative Judge dismissed the appeal, finding that Hardeman failed to present any evidence to show that circumstances existed beyond his control that affected his ability to comply with the time limit, or that he had exercised diligence or ordinary prudence under the circumstances. The initial decision of the Administrative Judge, dated May 5, 1993, became the final decision of the Board on June 9, 1993.
 
 
 4
 "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 652 (Fed.Cir.1992) (in banc) (citations omitted). We can reverse the grant or denial of such a waiver only if it was arbitrary, capricious, an abuse of discretion, unlawful, procedurally deficient or unsupported by substantial evidence. 5 U.S.C. Sec. 7703 (1988).
 
 
 5
 While Hardeman's circumstances were certainly stressful, he did not submit evidence to show how these circumstances caused him to delay filing an appeal for over two years. We cannot say that the Board, after having considered the relevant facts, abused its discretion in concluding that Hardeman did not meet his burden of showing why the circumstances cited affected his ability to comply with the regulatory time limit.